T.C. Summary Opinion 2008-90

UNITED STATES TAX COURT

DAVID C. CHOE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6569-07S.                    Filed July 24, 2008.

David C. Choe, pro se.

<u>Michael K. Park</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2004, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be cited as precedent for any other case. Respondent determined a $1,727 income tax deficiency and a $345.40 penalty under section 6662(a) for petitioner's 2004 tax year. The income tax deficiency is attributable to respondent's disallowance of legal and professional expenses, depreciation, and automobile expenses petitioner claimed in connection with his business activity. The issues we consider are whether petitioner has substantiated these expenses and/or whether they are ordinary and necessary business expenses. We also consider whether petitioner is liable for the section 6662(a) penalty.

Petitioner David C. Choe resided in California at the time the petition was filed. He was employed as a loan officer until sometime in March 2004. In March he left that employment and began his own business as a loan consultant. In connection with starting this new business, petitioner purchased a laptop computer that allowed him to perform his services in various locations. On March 12, 2004, petitioner purchased a Toshiba Satellite Notebook computer for $1,437. At the time of purchase, petitioner already owned a desktop computer for personal use. On his Schedule C, Profit or Loss From Business, he elected under section 179 to deduct $1,437 as an expense for his 2004 tax year.

Section 162 allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business.[2] Respondent questioned the business use of the laptop computer and did not question the section 179 election. Petitioner has substantiated the cost of the laptop, and its business use has been clearly established. Accordingly, we hold that petitioner is entitled to the $1,437 deduction for 2004.

In order to perform services as a loan consultant, petitioner acquired access to various professional data bases that assisted him in the conduct of his business activity. He also attended educational courses that were intended to maintain and improve his skills. In addition he acquired prepaid legal representation at $17 per month in case he was sued by a client. For 2004 petitioner deducted $4,358 as professional and prepaid legal expenses. Respondent disallowed the entire amount for lack of substantiation and because it had not been shown that the claimed deductions were ordinary and necessary business expenses.

At trial petitioner provided testimony and documentary evidence showing that he spent $4,791 during 2004 for professional and prepaid legal expenses. Petitioner sufficiently explained the business purpose of these items, and we hold that

---

[2] No controversy exists in this case as to the burden of proof or the burden of production. Petitioner bears the burden of proof as to all adjustments (sec. 7491(a)), and respondent met his burden of production with respect to the sec. 6662(a) penalty (sec. 7491(c)).

he is entitled to a $4,791 deduction for professional and prepaid legal expenses for his 2004 tax year.

Petitioner deducted $3,735 of expense in connection with his use of an automobile for his consulting business. Respondent contends that petitioner did not maintain adequate records so as to be able to claim the transportation expenses. Section 274(d) provides for a higher standard of substantiation for certain business expense deductions. Generally, a taxpayer must substantiate expenditures "by adequate records or by sufficient evidence corroborating his own statement." Sec. 1.274-5T(c)(1), Temporary Income Tax Regs, 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner fell short of that standard and was able to present testimony, but no logs or documentation of his business transportation expenses. Therefore, we hold that petitioner is not entitled to the $3,735 deduction for expenses in connection with his use of an automobile.

During November 2004 petitioner's automobile was totaled, and the insurance company paid him $2,360, the fair market value of the automobile. Petitioner entered the gross amount received into his Turbo Tax preparation program. Because petitioner had claimed business use of the automobile for 2004, Turbo Tax automatically deducted the amount of depreciation allowed or allowable and thereby calculated a $1,132 gain which was automatically reported as income on page one of petitioner's 2004

return.  During the trial, however, petitioner testified that he did not use his car for business before 2004 and that he had not claimed depreciation deductions with respect to it.  The Turbo Tax treatment of petitioner's automobile was incorrect, and accordingly we hold that petitioner did not have $1,132 of reportable gain from the insurance company recovery on his automobile.

Finally, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty for negligence or disregard of rules or regulations and/or a substantial understatement of income tax under section 6662 for 2004.  A taxpayer may be liable for a 20-percent penalty on any underpayment of tax attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax.  Sec. 6662(a) and (b).  "Negligence" is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" means any careless, reckless or intentional disregard.  Sec. 6662(c).  An underpayment is not attributable to negligence or disregard to the extent that the taxpayer shows that the underpayment is due to reasonable cause or good faith.  Sec. 6664(c); Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002); see also secs. 1.6662-3(a), 1.6664-4(a), Income Tax Regs.  A substantial understatement of income

tax is an understatement that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A).

We have held that petitioner is entitled to the deductions for depreciation and professional and legal expenses. We have also held that petitioner is not entitled to the claimed automobile expenses but that he should not have reported income from the insurance recovery on the automobile. Petitioner did not provide any argument or evidence that would have shown that his failure to maintain or produce adequate substantiation under the provisions of section 274(d) was not negligent and/or was "reasonable".

Accordingly, to the extent that there is a resulting underpayment attributable to the claimed automobile expenses, petitioner is liable for a section 6662(a) penalty.

To reflect the foregoing,

Decision will be entered under Rule 155.